UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMATRIA MCCUISTION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVITA, INC.,<br><br>　　　　　Defendant. | Case No. 1:21-cv-00985-NONE-EPG<br><br>ORDER DENYING PROPOSED STIPULATION FOR PROTECTIVE ORDER, WITHOUT PREJUDICE<br><br>(ECF No. 13) |

　　　　　On November 18, 2021, the parties filed a proposed stipulation for a protective order. (ECF No. 13). The stipulation will be denied, without prejudice, because it does not comply with Local Rule 141.1 and the Court's established procedures.

　　　　　Regarding Local Rule 141.1(c)(1)-(2), the parties failed to provide an adequate description of the types of information eligible for protection and a particularized showing of need for protection as to each category of information covered by their proposed order. Paragraph one defines "confidential" to mean "any information which is in the possession of a Designating Party who believes in good faith that such non-public information is entitled to confidential treatment under applicable law."[1] (*Id.* at 2). It defines "confidential materials" to mean:

> any Documents, Testimony or Information as defined below designated as "CONFIDENTIAL" pursuant to the provisions of this Protective Order, including, but not limited to, (i) documents or testimony not otherwise available to the public

---

[1] In this order, the Court has omitted some capitalization used by the parties' proposed stipulation for a protective order.

1

   regarding DaVita's commercial or financial information, including materials regarding DaVita's business or marketing plans, sales practices, revenues or cash levels; (ii) documents or testimony regarding DaVita's trade secrets; (iii) documents or testimony regarding DaVita's patients, clients, customers, accounts, financial records, and transactions, including emails which include information relating to any of DaVita's patients; (iv) health or private information of DaVita's patients; (v) health, employment, and financial information of Plaintiff Samatria McCuistion; and (vi) other documents or testimony subject to an agreement between the parties that, due to the nature of the materials, those documents or testimony should be designated CONFIDENTIAL in accordance with this Order.

(*Id.*).

Here, the parties have included a catchall description of confidential information to include information that they "believe[] in good faith . . . is entitled to confidential treatment under applicable law." Such description is not sufficient "in general terms [] to reveal the nature of the information" under LR 141.1(c)(1). While the parties also provide, as exemplars, some general categories of documents that are "sufficient to reveal the nature of the information," the catch-all language does not limit the confidentiality order to these categories. Moreover, the parties fail to make "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order." LR 141(c)(2).

Accordingly, IT IS ORDERED that the parties' proposed stipulation for a protective order (ECF No. 13) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **November 19, 2021**       /s/ Erica P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE